HARRY BOWERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bowers v. Commissioner
Docket No. 8054-91
United States Tax Court
T.C. Memo 1991-609; 1991 Tax Ct. Memo LEXIS 656; 62 T.C.M. (CCH) 1414; T.C.M. (RIA) 91609; December 9, 1991, Filed *656 Harry Bowers, pro se. Christopher Fisher, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction filed June 27, 1991, on the ground that the petition was untimely. A hearing was held at Houston, Texas, on October 28, 1991. Respondent determined a deficiency for petitioner and his wife for 1987 in the amount of $ 1,299, and additions to tax for negligence under section 6653(a)(1)(A) in the amount of $ 65 and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the underpayment due to negligence. All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Background
When petitioner filed the petition he resided in Cypress, Texas. Previously he was stationed at Fort Sheridan, Illinois. He moved from there to Fort Smith, Arkansas, and later to Cypress, Texas. The Parties' Contentions
Respondent contends that the motion to dismiss for lack of jurisdiction for the 1987 taxable year should be granted because the petition was filed more *657 than 90 days after the notice of deficiency was mailed. Petitioner argues that the motion should be denied because respondent failed to mail the notice of deficiency for 1987 to petitioner's last known address. Respondent counters by alleging that the notice is valid whether or not it was mailed to petitioner's last known address because petitioner actually received it with ample time remaining to file a petition in the Tax Court. We agree with respondent. The Mail Trail
In early January 1990, respondent's Kansas City Service Center sent a notice of proposed changes to petitioner and his wife at 9609 Bryn Mawr, Fort Smith, AR 72903-9261. Before it was mailed, petitioner had moved from Fort Smith to Cypress, Texas. He had also notified the U.S. Postal Service of his change of address. Respondent received petitioner's response in a letter postmarked January 19, 1990. That letter had a Cypress, Texas, return address. On March 14, 1990, the Kansas City Service Center sent a letter to petitioner concerning an adjustment for 1987 addressed to his Cypress, Texas, address. On May 30, 1990, respondent issued a notice of deficiency to petitioner and his wife for 1987 (the notice *658 of deficiency for 1987) addressed to them at 9609 Bryn Mawr, Fort Smith, AR 72903-9261. Respondent provided a copy of an executed Application for Registration or Certification, United States Postal Service Form 3877, indicating the notice of deficiency was sent by certified mail to petitioner and his wife as Article No. P 901 635 312. The copy of the notice of deficiency attached to the petition also had "P 901 635 312" printed near the top of the front page. The U.S. Postal Service in Fort Smith, Arkansas, received the notice of deficiency for 1987 on June 2, 1990, and forwarded it to the Cypress, Texas, post office. This action was recorded on a Postal Service Form 3849. The U.S. Postal Service in Cypress, Texas, attempted to deliver the notice of deficiency for 1987 to petitioner on or about June 5, 1990. It was not delivered then. However, a copy of Postal Service Form 3849 was left at petitioner's residence advising him of the certified mail and where it could be picked up. Sometime between June 6, 1990, and June 20, 1990, Article No. P 901 635 312 was claimed by the addressees. The Postal Service Form 3849 is signed by petitioner, but not dated. The form also shows *659 petitioner's address of 14603 Cypress Meadow. Petitioner acknowledged his signature on the form, but could not recall receiving the certified mail. He said that it was not delivered to his address, but that he must have picked it up at the post office. Petitioner sent an undated letter to respondent that was received on July 19, 1990. The letter bears respondent's stamp indicating "envelope posted mark Jul 16 1990." In that letter petitioner acknowledges receiving a certified letter and asks for clarification. On February 21, 1991, respondent issued a notice of deficiency to petitioner and his wife for 1985 and 1986, addressed to them at 14603 Cypress Meadow Drive, Cypress, Texas 77429. The Petition
Petitioner filed a petition on April 29, 1991, for 1985, 1986, and 1987. Petitioner attached only the notice of deficiency for 1987 to the petition. The petition was filed 334 days after the notice of deficiency for 1987 was mailed. Discussion
It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely petition. ; . *660 A valid notice of deficiency and a timely petition are essential to this Court's jurisdiction and any case in which one or the other is not present must be dismissed. ; A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if mailed to the taxpayer's "last known address." Sec. 6212(b)(1); see ; , affd. ; . However, if the deficiency notice is not mailed to the last known address, it is nevertheless valid from the date of its mailing if the taxpayer receives it with sufficient time remaining to prepare and file a timely petition. , affg. ; ; ; . *661 "Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme." . Actual Receipt
We are satisfied that even though the notice of deficiency may not have been mailed to petitioner's last known address, petitioner had actual notice of it and sufficient time to file a petition with this Court. Petitioner admits receiving the notice of deficiency for 1987, but he indicated that he could not recall when he received it. The 1987 notice of deficiency was mailed to the Fort Smith, Arkansas, address. On or about June 2, 1990, the Fort Smith post office forwarded the deficiency notice to petitioner at his Cypress, Texas, address. The postal officials at Cypress, Texas, attempted and later made delivery of the deficiency notice. It is not clear exactly when delivery was made. However, we conclude that it was delivered between June 6 and June 20, 1990. The United States Postal Service Domestic Mail Manual, section 912.55 Notice of Arrival, provides that if a certified article is not picked up by the addressee within 15 days after the first attempt to deliver it, *662 the article will be returned to the sender. Under this procedure, the last day before the mail would have been returned would have been June 20, 1990. Petitioner sent respondent a letter which referred to certified mail from respondent. This corroborates the conclusion that petitioner received the notice of deficiency for 1987 before June 20, 1990. Prejudice
We next decide whether petitioner was prejudiced by the incorrect address on the notice of deficiency for 1987. On the facts of this record, we find that the deficiency notice which respondent mailed on May 30, 1990, while perhaps not to petitioner's last known address, was received by petitioner without prejudicial delay. There are 21 days between May 30, 1990, and June 20, 1990. When petitioner received the deficiency notice, there were at least 69 days of the 90-day statutory period remaining for him to file a petition. We note that the substantive issues in this case do not appear to be complex. The issues involve unreported income evidenced by Forms 1099 and a small amount of interest income. Many cases have been dismissed where the notice of deficiency was addressed incorrectly, but the taxpayer received it *663 with 60 days remaining in the filing period and a simple petition was filed late. (74 days remaining); (60 days remaining); (52 days remaining); (30 days remaining). Eight days remaining in the filing period has been held to be insufficient. . On the facts of this record, we find that petitioner received the notice of deficiency in ample time to file his petition. His failure to file a timely petition is not the result of any error in the address to which the notice of deficiency was mailed. ; . We hold that the notice of deficiency for 1987 is valid. Accordingly, we grant respondent's motion to dismiss taxable year 1987 from this case since the petition was not timely filed. To reflect the foregoing, An appropriate order will *664 be issued.